UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-

RONNIE KING,

Defendant.

14-CR-476-10 (CS)

ORDER

CATHY SEIBEL, District Judge:

Before the Court is Defendant Ronnie King's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c), and the Government's opposition thereto, (ECF Nos. 671, 677-78, 683.)

On April 21, 2016, Defendant was sentenced principally to a term of imprisonment of 150 months: 90 months for his conviction for racketeering conspiracy under 18 U.S.C.§ 1962 and 60 months (to run consecutively) for his conviction for possessing a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c). (ECF No. 227.) This sentence was below the advisory Guidelines range of 170-207 months (110-137 for the racketeering count, plus 60 consecutive months for the firearms count). Following the Supreme Court's decision in *United States v. Davis*, 588 U.S. 445 (2019), Defendant's § 924(c) count had to be vacated, and on October 15, 2020 he was resentenced on the racketeering count to the same 150 months' imprisonment, (ECF No. 505), which was at the top end of the Guidelines range of 120-150 months. I incorporate here what I said then about why 150 months was the sentence I found sufficient but not greater than necessary to serve the purposes of sentencing. (ECF No. 527 at 9-17.) I recognized the reality that had the parties anticipated *Davis*, the case never would have been resolved with only a racketeering count, (*id.* at 11), and reimposed the same 150-month

sentence based on the 18 U.S.C. § 3553(a) factors – including, among other things, the seriousness of the offense (a gang shooting, the sale of marijuana and the sale of a gun), Defendant's abysmal disciplinary record in prison (28 disciplines, many serious), and the apparent insincerity of his statements at his original sentencing, (*id.* at 9-17).

The Probation Department has determined that Defendant is eligible for an adjustment of his sentencing guidelines range based on Amendment 821 to the Sentencing Guidelines. (ECF No. 662.) That Amendment eliminated the provision that applied two criminal history points for committing the instant offense while under supervision for a previous conviction, and was made retroactive pursuant to U.S.S.G. § 1B1.10(d), (e)(2). Defendant's criminal history category ("CHC") of V included two points for committing the instant offense while on probation, and under the amended Guideline, U.S.S.G. §4A1.1(e), he would receive only one point, which would drop his CHC to IV, and drop the resulting range to 100-125 months.

But, as the Government points out, (ECF No. 683 at 3-4), Defendant's application is barred by his plea agreement. He agreed that he would not "seek a sentence modification pursuant to Title 18, United States Code, Section 3582(c), of any sentence at or below the Stipulated Guidelines Range of 152 to 175 months of imprisonment." He makes no argument that his assent to that provision was knowing and voluntary, and the record clearly reflects that it was. (*See* ECF No. 496.) Courts in this District have enforced such agreements. *See, e.g., United States v. Moore*, No. 18-CR-167, 2021 WL 260131, at *2 (S.D.N.Y. Jan. 25, 2021); *United States v. Marrero*, No. 11-CR-568, 2020 WL 7079483, at *2 (S.D.N.Y. Dec. 3, 2020); *United States v. Barrett*, No. 09-CR-765, 2013 WL 12123196, at *2 (S.D.N.Y. May 8, 2013); *see also Freeman v. United States*, 564 U.S. 522, 541 (2011 (Sotomayor, J., concurring) ("Nothing prevents the Government from negotiating with a defendant to secure a waiver of his statutory

right to seek sentence reduction under § 3582(c)(2)."), *holding modified by Hughes v. United States*, 584 U.S. 675 (2018). "[T]he possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements." *United States v. Lee*, 523 F.3d 104, 107 (2d Cir. 2008). "[I]t would not be fair for a defendant to obtain the benefits of a plea agreement, in part by voluntarily waiving his right to [seek a sentence reduction], and then seek to evade the waiver while retaining the benefits." *United States v. Valentine*, No. 11-CR-626, 2020 WL 7711691, at *1 n.3 (S.D.N.Y. Dec. 29, 2020).[1]

Accordingly, because the motion is barred by the plea agreement, it is denied. The Clerk of Court is respectfully directed to terminate ECF Nos. 663 and 678.

SO ORDERED.

Dated: November 19, 2024
       White Plains, New York

                                                                      *Cathy Seibel*
                                                                     CATHY SEIBEL, U.S.D.J.

---

[1] Unless otherwise indicated, case quotations omit internal citations, quotation marks, footnotes and alterations.